**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd,. Suite 301
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (510) 570-3815
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
TINA ESCOBEDO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

TINA ESCOBEDO

    Plaintiff,

vs.

COMERICA BANK

    Defendant.

Case No.:

**COMPLAINT FOR:**

1) **VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 *ET. SEQ***
2) **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**
3) **VIOLATIONS OF THE CALIFORNIA IDENTITY THEFT ACT, CA. CIV. CODE § 1798.92-97**

- 1 -

COMPLAINT FOR DAMAGES

**INTRODUCTION**

1. CHRISTOPHER LYTTLE (Plaintiff) brings this action to secure redress from COMENITY BANK (Defendant) for violations of the Electronic Funds Transfer Act (15 U.S.C. § 1693 *ET. SEQ.]*, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *ET SEQ.*] and the California Identity Theft Act., Cal. Civ. Code § 1798.92-87, *ET. SEQ.*].

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 and 15 U.S.C. § 1640(e), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

3. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

4. Plaintiff is a natural person residing in Orange County, California.

5. Defendant is a claimant as that term is defined under Cal. Civ. Code § 1798.92(a).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

//
//

COMPLAINT FOR DAMAGES

## FACTUAL ALLEGATIONS

8. In January, 2025, Plaintiff, who is a senior citizen, discovered her debit card information from had been stolen and used without her approval.

9. Plaintiff immediately disputed the charges with Defendant and promptly filed a police report.

10. Notwithstanding, Defendant has failed to credit/reverse the fraudulent charges and has continued to try to collect this fraudulently incurred debt from Plaintiff. Moreover, at no time did Defendant provide provisional credit for the disputed transactions.

## FIRST CAUSE OF ACTION

**(Violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et. seq.)**

11. Plaintiff brings this cause of action pursuant to the United States Electronic Funds Transfer Act ("EFTA")

12. Plaintiff provided notice to Defendant within 60 days after Defendant sent a period statement reflecting an alleged error, thereby triggering the error resolution requirements of 12 C.F.R. § 1005.11.

13. Pursuant to 15 U.S.C. §1693f(1)-(3), and (7) an "error" as described above includes: (1) (2) account; (3) an unauthorized electronic fund transfer; an incorrect electronic fund transfer from or to the consumer's the omission from a periodic statement of an electronic fund transfer affecting incorrect electronic fund transfer from or to the consumer's account; … (7) Any other error described in regulations of the Bureau.

14. By failing to credit Plaintiff's account and to reverse the fraudulent transactions, Defendant has failed to conduct good faith investigations into the unauthorized transactions that Plaintiff has reported by, among other things, failing to provide Plaintiff reasonable access to Defendant's customer service. 18. 1693f(e).

COMPLAINT FOR DAMAGES

15. Plaintiff is therefore entitled to treble damages under 15 U.S.C. § Defendant violated Regulation E by failing to limit Plaintiff's liability as required by 12 C.F.R. § 1005.6(b). 20. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

16. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

17. Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

## SECOND CAUSE OF ACTION

**(Violation of the RFDCPA, Cal. Civ. Code § 1788)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

1) Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

3) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

4) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

20. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Violations of California Civil Code § 1798.92-97)**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

24.  As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant, for the following:

1) Actual damages under the 15 U.S.C. § 1693(m)(a)(1);

2) Statutory damages under 15 U.S.C. § 1693(m)(a)(2);

3) Actual damages under Cal. Civ. Code § 1788.30(a);

4) Statutory damages under Cal. Civ. Code § 1788.30(b);

5) A civil penalty of $ 30,000.00 pursuant to Cal. Civ Code § 1798.93c(6);

6) For treble damages pursuant to Cal. Civ. Code § 3345, *et. seq*.

7) For prejudgment interest at the legal rate; and

8) Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 29, 2025

RESPECTFULLY SUBMITTED,

**MARTIN & BONTRAGER, APC**

By: /s/G. Thomas Martin, III

- 6 -

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G. Thomas Martin, III
*Attorney for Claimant*

COMPLAINT FOR DAMAGES